IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARROW CHRISTIAN, Individually, and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION FILE NO. _____ |
| v. | : : | |
| ROADRUNNER TRANSPORTATION SERVICES, INC., | : : : | |
| Defendant. | : : | |

## COLLECTIVE ACTION COMPLAINT

COMES NOW PLAINTIFF, Darrow Christian, Individually, and on behalf of all others similarly situated, and asserts his claims against Defendant Road Runner Transportation Services, Inc. ("Roadrunner") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, [hereinafter "FLSA"] to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as the Defendant resides herein, and a substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

3.

Plaintiff Darrow Christian is a forklift operator employed by Defendant. At all material times, Mr. Christian was an "employee" of Defendant as that term is defined at 29 U.S.C. §203(e)(1). During his employment with Defendant, Defendant failed to pay Plaintiff a premium of at least one and one half times his regular rate for each hour he worked above 40 in a given workweek.

4.

Defendant Roadrunner is subject to the jurisdiction of this Court. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant may be served with process upon its

Registered Agent, CT Corporation System, 1201 Peachtree Street, NE, Suite 1240, Atlanta, Fulton County, Georgia 30361.

5.

At all material times during his employment, Mr. Christian was "engaged in commerce" as an employee of Defendant as defined at 29 U.S.C. §206(a).

6.

At all material times during his employment, Defendant was an "enterprise engaged in engaged in commerce or in the production of goods for commerce," as defined at 29 U.S.C. §206(a).

7.

At all material times during since 2014, Defendant had two more "employees engaged in commerce," as defined by 29 U.S.C. §203(s)(1)(A).

8.

Since 2014, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A).

9.

During each year since 2014, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

10.

At all times material hereto, Mr. Christian was not exempt from the overtime pay requirements of the FLSA.

## FACTS

11.

Plaintiff is employed by Defendant as a forklift operator.

12.

During his employment with Defendant, Mr. Christian regularly worked in excess of 40 hours per workweek.

13.

Defendant did not pay Mr. Christian one and one-half times his regular rate of pay for each hour worked over 40 hours in any given workweek.

14.

Instead, Defendant only paid Mr. Christian "straight time" for each overtime hour worked, and failed to pay him an overtime premium for each overtime hour worked.

15.

Defendant failed to properly compensate Mr. Christian for all overtime hours worked at a rate of one and one-half times his regular rate of pay.

## COUNT I

## VIOLATION OF SECTION 207 OF THE FLSA

16.

Plaintiff restates the allegations contained in Paragraphs 1-15 of his Complaint as is fully set forth.

17.

At all material times, Mr. Christian (and others similarly situated) was a non-exempt employee of Defendant.

18.

Mr. Christian (and others similarly situated) regularly worked more than 40 hours in a given workweek for Defendant, but Defendant failed to properly compensate him (and others similarly situated) at a rate of at least one and one half times his regular rate of pay for each hour worked in excess of 40 hours in every workweek.

19.

Defendant knew or should have known that the FLSA applied to Mr. Christian (and others similarly situated), and that it had a duty to ensure it paid Mr. Christian at least one and one-half times his regular rate of pay for each hour worked over 40 in a given workweek.

20.

Defendant willfully failed to properly compensate Mr. Christian (and others similarly situated) for the hours he worked in excess of 40 hours during a given workweek.

21.

As a result of Defendant's willful failure, Mr. Christian (and others similarly situated) is entitled to an award of back pay in the amount of one half his regular rate of pay for each uncompensated hour worked over 40 in any given workweek for which Defendant did not compensate him at the statutory rate.

22.

Said violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests:

(a)   that his Complaint be read and considered;

(b)   that service of process issue as authorized by law;

(c)   that the Court certify this civil action as a collective action pursuant to 29 U.S.C. §216(b);

(d)   that the Court declare that Defendant has violated Plaintiff's rights under the overtime wage provision of the FLSA;

(e) that the Court award Plaintiff the value of his unpaid overtime wages;

(f) that the Court award Plaintiff liquidated damages as authorized by the FLSA;

(g) that the Court award Plaintiff his expenses of litigation, including his reasonably-incurred attorney's fees as authorized by the FLSA; and

(h) that the Court award such other further relief this Court deems just, equitable and proper.

          Respectfully submitted,

          */s/ Dean R. Fuchs*
          DEAN R. FUCHS
          Georgia Bar No. 279170
          Attorney for Plaintiff

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com